| | |
|---|---|
| **Marcy Fancher,** on behalf of herself and all other persons similarly situated, known and unknown, | No. |
| Plaintiff, | **CLASS & COLLECTIVE ACTION COMPLAINT** |
| vs. | **JURY DEMANDED** |
| **Red White & Brews, LLC d/b/a PW Cheers** and **Paula Willey** | |
| Defendants. | |

Plaintiff, Marcy Fancher ("Plaintiff"), on behalf of herself and all other persons similarly situated who are current or former tipped employees of Defendants, and by and through the undersigned attorney(s), sue Red White & Brews, LLC d/b/a PW Cheers ("PW Cheers") and Paula Williey (collectively "Defendants") and alleges as follows:

## PRELIMINARY STATEMENT

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* for Defendants' failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

2.      This lawsuit also arises under Ohio Revised Code Ann. § 4111.01, § 4113.15, and § 2307.60 for Defendant's failure to pay Plaintiff and other similarly-situated employees all earned minimum and overtime wages.

3.      Plaintiff brings this action on behalf of herself and all similarly-situated current and former tipped employees of Defendants who were compensated at a rate of less than the applicable Ohio and federal minimum wage on account of receiving tips in a given workweek.

4.     Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

5.     Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay minimum wage and overtime due and owing Plaintiff and others similarly-situated in violation of Ohio Revised Code § 4111.01.

6.     Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages and overtime owed to them individually and on behalf of all other similarly-situated tipped employees, current and former, of Defendants.  Members of the Collective Action are referred to as the "Collective Members."

7.     Additionally, Defendants' failure to compensate Plaintiff and all other non-exempt servers and/or bartenders at a rate equal to Ohio's required minimum wage violates Ohio Revised Code § 4111.01.  Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid wages and other damages owed under Ohio wage laws.  Members of the Rule 23 Class Action are referred to as the "Class Members."

8.     The Collective Members are all current and former servers and bartenders who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

9.     The Class Members are all current and former servers and/or bartenders who were employed by Defendants in Ohio at any time starting three years before this Complaint was filed, up to the present

10.    At all relevant times, Defendants owned and operated PW Cheers bar and restaurant.

11.     Defendants have a policy or practice of paying its employee servers sub-minimum hourly wages under the tip-credit provisions of the FLSA.

12.     Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.  But an employer is *not* permitted to take a tip credit against its minimum wage obligations when it (1) requires its tipped employees to perform non-tipped work that is ***unrelated*** to the employees' tipped occupation (i.e., "dual jobs"); **or** (2) when the employer requires its tipped employees to perform non-tipped that is ***related*** to the employees' tipped occupation such as cleaning and setting tables, toasting bread, making coffee and washing dishes or glasses more than "part of the time" or "occasionally". 29 C.F.R. §531.56(e) ("Dual Jobs" regulation); *Osman v. Grube*, Case No. 16-cv-802, (N.D. Ohio, July 7, 2017) citing favorably to *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time"); *O'Neal v. Denn-Ohio, LLC*, 2020 WL 210801, at *10 (N.D. Ohio January 14, 2020).

13.     Moreover, Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (*See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate). *See also Williams v. Bob Evans Rests., LLC,* Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 *37-48 (W.D. Pa. Aug. 13, 2020) (holding that Ohio law recognizes the same tip credit restrictions as does the FLSA.).

14.     Defendants violated the FLSA and Ohio law by enforcing a policy or practice of paying Plaintiff, the Collective Members and the Class Members sub-minimum, tip-credit wages

even when it required those employees to perform non-tipped work that is ***unrelated*** to their tipped occupation (i.e., "dual jobs").

15.     Defendants violated the FLSA and Ohio law by enforcing a policy and practice of paying Plaintiff, the Collective Members and the Class Members sub-minimum, tip-credit wages while requiring those employees to perform work that does not provide service to customers for which tipped employees receive tips and does not directly support tip-producing work.

16.     Defendants violated the FLSA and Ohio law by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, even if it was ***related*** to their tipped occupation, was performed more than occasionally or part of the time. Instead, Defendant required such ***related*** non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's, the Collective Members' and the Class Members' time worked in one or more individual workweeks.

17.     Defendants violated the FLSA and Ohio law by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, even if it was ***related*** to their tipped occupation, was performed for more than thirty (30) continuous minutes.

18.     Defendants violated the FLSA and Ohio law by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, while directly supporting tip-producing work, exceeded 20 percent of Plaintiff's, the Collective Members' and the Class Members' time in any given workweek.

19.     Defendants violated the FLSA and Ohio law by enforcing a policy or practice of requiring servers and bartenders to perform non-tipped work that, even if it was ***related*** to their tipped occupation, was performed more than occasionally or part of the time. Instead, Defendants

4

required such **related** non-tipped labor to be performed for unreasonable amounts of time that are not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's, the Collective Members' and the Class Members' time worked in one or more individual workweeks.

20.     Defendants violated the FLSA and Ohio by requiring servers and bartenders, including Plaintiff, the Collective Members and the Class Members to participate in an illegal tip pool wherein management and or ownership retained ten percent (10%) of all tips.

21.     According to the Department of Labor's ("DOL") Fact Sheet #15, in order to claim a tip credit, the employer must comply with five strict notification requirements.

22.     First, the employer must notify the employee of the amount of the cash wage the employer is paying the tipped employee.

23.     Second, the employer must notify the tipped employee of the amount the employer is claiming as a tip credit.

24.     Third, the employer must inform the tipped employee that the tip credit claimed cannot exceed the actual amount of tips received by the employee. In effect, the employer must inform the employee that the employee must still earn the mandated minimum wage between the amount of the tip credit taken by the employer and the amount of tips earned by the employee.

25.     Fourth, the employer must notify the tipped employee that all tips received are to be retained by the employee except for a valid tip pooling arrangement.

26.     Finally, the tipped employee must be informed by the employer that the tip credit will not apply unless the employee has been informed of these provisions.

27.     An employer bears the burden of showing that it has satisfied all of the notification requirements before any tips can be credited against the employee's hourly wage.[1] If an employer cannot demonstrate its compliance with this notification requirement, no credit can be taken and the employer is liable for the full minimum wage.

28.     Defendants violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount of cash wage that Defendants would be paying them prior to taking the tip credit.

29.     Defendants violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount that Defendants would be claiming as a tip credit prior to taking the tip credit.

30.     Defendants violated the FLSA and Ohio by failing to inform Plaintiff, the Collective Members, and the Class Members that they must still earn the mandated minimum wage between the amount of the tip credit taken by the employer and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

31.     Defendants violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members that notify that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

---

[1] Courts have strictly construed this notification requirement. Accordingly, some courts have held that a generic governmental poster (which is required by the DOL) does not satisfy the tip credit notification requirement.

## JURISDICTION AND VENUE

32.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

33.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the laws of the United States.

34.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff, the Collective Members, and the Class Members occurred within the Northern District of Ohio, and Defendants regularly conducts business in and has engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

35.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

36.     Plaintiff individual residing in Ohio, and is a former employee of Defendants.

37.     Plaintiff was employed as a server at PW Cheers from approximately April 1, 2024 until approximately May 31, 2024.

38.     At all material times, Plaintiff was paid by Defendants as a tipped employee under the FLSA and Ohio.

39.     Defendants employed Plaintiff performed various tipped and non-tipped duties, including, but not limited to, serving drinks and food to customers, cleaning, busing tables, washing dishes and other side work.

40.     At all material times, Plaintiff was an employee of Defendants as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

41.     Plaintiff has given her written consent to be a Representative Plaintiff in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is appended hereto as Exhibit A.

42.     At all material times, PW Cheers was a limited liability company duly licensed to transact business in the State of Ohio.

43.     PW Cheers does business, has offices, and/or maintains agents for the transaction of its customary business within the Norther District of Ohio.

44.     PW Cheers is Plaintiff's "employer," as defined by the FLSA. 29 U.S.C. § 203(d).

45.     Under the FLSA, PW Cheers is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, PW Cheers had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants.  Having acted in the interest of PW Cheers in relation to the company's employees, including Plaintiff, PW Cheers is subject to liability under the FLSA.

46.     Under the FLSA, Paula Willey is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Paula Willey was an owner and operator of PW Cheers and had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' employment with Defendants.  Having acted in the interest of PW Cheers in relation to the company's employees, including Plaintiff, Paula Willey is subject to liability under the FLSA.

47.     At all material times, Defendants were Plaintiff's and the Class Members' "employer," as defined by Ohio Revised Code Ann. § 4111, *et seq.*

## STATEMENT OF FACTS

48.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

49.     Plaintiff and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

50.     At all material times, Plaintiff and the Class Members, in their work for Defendants, were employed by an enterprise engaged in commerce that has annual gross volume of sales made for business in excess of $372,000 exclusive of excise taxes at the retail level which are separately stated.

51.     Defendants paid Plaintiff, the Collective Members, and the Class Action Members a sub-minimum wage, ostensibly according to the tip-credit provisions of the FLSA, which allow an employer to pay an hourly wage less than the statutory minimum wage, provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m).

52.     Defendants regularly and frequently required Plaintiff, the Collective Members and the Class Members to perform a number of non-tipped duties ***unrelated*** to their tipped occupations and not in direct support of tip-producing work, examples of which include but are not limited to: restocking bowls, plates, spoons, glassware and barware; filling and washing containers; cleaning the expo counter and shelves; cleaning bill holders; sweeping; taking out trash; detail cleaning throughout the restaurant; scrubbing and washing dishes; filling condiments; cutting fruit and preparing and handling food.

53.     Defendants paid Plaintiff, the Collective Members and the Class Members a sub-minimum wage for all hours that they worked for Defendants, including the periods during which Plaintiff, the Collective Members and the Class Action Members were performing non-tipped duties.

54.     Defendants regularly and frequently required Plaintiff, the Collective Members and the Class Members to perform a number of non-tipped duties *related* to their tipped occupation and directly supporting tip-producing work, examples of which include but are not limited to, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables.

55.     Defendants required Plaintiff, the Collective Members and the Class Members to perform such *related* non-tipped tasks more than occasionally or part of the time.

56.     Defendants required Plaintiff, the Collective Members and the Class Members to perform such *related* non-tipped tasks for unreasonable amounts of time that were not contemporaneous to direct customer service duties and for amounts of time that exceed 20 percent of Plaintiff's, the Collective Members' and the Class Members' time worked in one or more individual workweeks.

57.     Defendants required Plaintiff, the Collective Members and the Class Members to perform such *related* non-tipped tasks for periods of time that were greater than thirty continuous minutes.

58.     Defendants violated the FLSA and Ohio by requiring servers and bartenders, including Plaintiff, the Collective Members and the Class Members to participate in an illegal tip pool wherein management and or ownership retained ten percent (10%) of all tips.

59.     Defendants violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount of cash wage that Defendants would be paying them prior to taking the tip credit.

60.     Defendant violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members of the amount that Defendants would be claiming as a tip credit prior to taking the tip credit.

61.     Defendants violated the FLSA and Ohio by failing to inform Plaintiff, the Collective Members, and the Class Members that they must still earn the mandated minimum wage between the amount of the tip credit taken by the employer and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

62.     Defendants violated the FLSA and Ohio law by failing to inform Plaintiff, the Collective Members, and the Class Members that notify that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's, the Collective Members' and the Class Members' wages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

63.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

64.     Plaintiff brings the FLSA claims in this action as a collective action under 29 U.S.C. § 216(b).

65.     Plaintiff assert those claims on behalf of herself, and on behalf of all similarly situated tipped employees employed by Defendants, who were not paid all compensation required

by the FLSA during the relevant time period as a result of Defendant's compensation policies and practices.

66. Plaintiff seeks to notify the following employees of their rights under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join this action:

> **All individuals who worked at any time during the past three years at any restaurant owned or operated by Defendants in the and who were paid for their work on an hourly basis according to the tip credit provisions of the FLSA, (*i.e.* an hourly rate less than the applicable minimum wage, excluding tips).**

67. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of the Act. 29 U.S.C. § 255. As alleged above, Plaintiff and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all tipped employees employed by Defendants within three years from the filing of this Complaint.

68. Upon information and belief, Defendants have employed hundreds of tipped employees during the period relevant to this action.

69. The identities of these employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

70. Because these similarly situated tipped employees are readily identifiable by Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

71. Collective adjudication is appropriate in this case because the tipped employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff;

have performed work similar to Plaintiff; and have been subject to compensation practices similar to those to which Plaintiff has been subjected, including unlawful payment of sub-minimum wages for non-tipped work and unlawful application of the FLSA's tip credit provisions.

## OHIO CLASS ACTION ALLEGATIONS

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. Plaintiff brings his Ohio wage claims as a Rule 23 class action on behalf of the following Class Members:

> **The Class Members are all of Defendant's current and former employees who worked in Ohio and were paid an hourly rate of less than the Ohio minimum wage on account of their receiving tips, starting three years before this lawsuit was filed up to the present.**

74. <u>Numerosity</u>. The number of Class Members is believed to be over one hundred. This volume makes bringing the claims of each individual Class Member before this Court impracticable. Likewise, joining each individual Class Member as a plaintiff in this action is impracticable. Furthermore, the identity of the Class Members will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class Members and Defendants.

75. <u>Typicality</u>. Plaintiff's claims are typical of the Class Members because like the Class Members, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as the other Class Members. Defendants regularly failed to compensate Plaintiff and the Class Members the proper minimum wage.

76. <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the Class Members because it is in her interest to effectively prosecute the claims

in this Complaint in order to obtain the unpaid wages and penalties required under Ohio law. Plaintiff has retained attorneys who are competent in both class actions and wage and hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Class Members she seeks to represent.

77. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

     a.     Whether Defendants took a tip credit for impermissible non-tipped tasks;

     b.     Whether Defendants took a tip credit for impermissible periods of time;

     c.     Whether Defendants took a tip credit without first complying with all notice requirements.

     d.     Whether Defendants permitted Plaintiff and the Class Members to retain all tips; and

     e.     Whether Defendants paid Plaintiff and Class Members all earned wages in the time period required by the Ohio Prompt Pay Act.

78.     Common issues of law include, but are not limited to:

     a.   Whether Defendants properly paid all minimum wages due and owing to Plaintiff and the Class Members;

     b.   Whether Defendants were entitled to impose a tip credit on the wages of Plaintiff and the Class Members;

     c.   Whether Plaintiff and the Class Members are entitled to compensatory damages; and

     d.   The proper measure of damages sustained by Plaintiff and the Class Members.

79.     Superiority.  A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even in the event any of the Class Members could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the system.  Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits.  Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

80.     A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge.  By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted.  Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Members are readily identifiable from Defendants' records.

81.     This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on Defendants to prove it properly compensated its employees; (3) the burden is on Defendants to accurately record hours worked by employees; and (4) the burden is on Defendants to prove it properly imposed the tip credit upon its employees.

82.     Ultimately, a class action is a superior forum to resolve the Ohio state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiff and the Class Members according to applicable Ohio laws.

## COUNT ONE: REQUIRED LABOR WHICH DOES NOT PROVIDE SERVICE TO CUSTOMERS AND IS NOT IN DIRECT SUPPORT OF TIP PRODUCING WORK UNDER THE FLSA

83.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84.     Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq.,29 C.F.R. § 531.56(e), and relevant case law by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendant, to perform non-tipped labor *unrelated* to their tipped occupations and not in direct support of tip-producing work, examples of which include but are not limited to: restocking bowls, plates, spoons, glassware and barware; filling and washing containers; cleaning the expo counter and shelves; cleaning bill holders; sweeping; taking out trash; detail cleaning throughout the restaurant; scrubbing and washing dishes; filling condiments; cutting fruit and preparing and handling food.

85.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate federal law and Defendants were aware of the FLSA's minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

86.     Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## COUNT TWO: EXCESSIVE REQUIRED LABOR IN DIRECT SUPPORT OF TIP-PRODUCING WORK IN VIOLATION OF THE FLSA

87.	Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

88.	Defendants failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq.,29 C.F.R. § 531.56(e), and relevant case law by requiring Plaintiff and the Collective Members in a given workweek, and during each and every workweek Plaintiff and the Collective Members were employed by Defendants, to perform non-tipped labor ***related*** to or in direct support of their tip-producing work more than "part of the time" or occasionally.

89.	Plaintiff and the Collective members performed such ***related*** non-tipped labor for unreasonable amounts of time that were not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek.

90.	Plaintiff and the Collective Members performed such ***related*** non-tipped labor for periods of time greater than thirty continuous minutes.

91.	Examples of such non-tipped labor ***related*** to their tipped occupation of servers, examples of which include but are not limited to, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables.

92.	Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Collective Members the full applicable minimum wage, without applying the tip credit, for time spent performing such amounts of non-tipped labor related to their tipped occupation, would violate federal law and Defendants were aware of the FLSA's minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

93.     Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## COUNT THREE: IMPROPER FLSA TIP CREDIT NOTICE, ILLEGAL TIP POOLING AND FAILURE TO PAY MINIMUM WAGE

94.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

95.     Plaintiff and the Collective Members were paid a tip credit wage at all relevant times.

96.     Defendants violated the FLSA by failing to inform Plaintiff and the Collective Members that Defendant would be paying them at least $2.13 per hour prior to taking the tip credit.

97.     Defendants violated the FLSA by failing to inform Plaintiff and the Collective Members that Defendants would be claiming a tip credit not to exceed $5.12 per hour prior to taking the tip credit.

98.     Defendants violated the FLSA by failing to inform Plaintiff and the Collective Members that they must still earn at least $7.25 per hour between the amount of the tip credit taken by Defendants and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's and the Collective Members' wages.

99.     Defendants violated the FLSA by failing to inform Plaintiff and the Collective Members that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's and the Collective Members' wages.

100.     Moreover, Defendants violated the FLSA by failing to pay Plaintiff and the Collective Members at least $2.13 per hour for all hours worked.

101.    For example, Defendants failed to pay Plaintiff whatsoever for at least two pay periods.

102.    Moreover, Defendants violated the FLSA by requiring Plaintiff and the Collective Members to participate in an illegal tip pool wherein management and or ownership retained 10% of all tips..

103.    Defendants knew that – or acted with reckless disregard as to whether – its tip credit practices and failure to pay Plaintiff and the Collective Members would violate federal law, and Defendants were aware of the FLSA's minimum wage requirements during Plaintiff's and the Collective Members' employment with Defendants. As such, Defendants' conduct constitutes a willful violation of the FLSA.

## COUNT FOUR: REQUIRED WORK WHICH DOES NOT PROVIDE SERVICE TO CUSTOMERS AND IS NOT IN DIRECT SUPPORT OF TIP-PRODUCING WORK IN VIOLATION OF OHIO LAW

104.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

105.    Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (*See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate). *See also Williams v. Bob Evans Rests., LLC,* Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 *37-48 (W.D. Pa. Aug. 13, 2020) (holding that Ohio law recognizes the same tip credit restrictions as does the FLSA.).

106.    Defendants violated Ohio law by requiring Plaintiff and the Class Members in a given workweek, and during each and every workweek Plaintiff and the Class Members were employed by Defendants, to perform non-tipped labor ***unrelated*** to their tipped occupations and

not in direct support of tip-producing work, examples of which include but are not limited to: restocking bowls, plates, spoons, glassware and barware; filling and washing containers; cleaning the expo counter and shelves; cleaning bill holders; sweeping; taking out trash; detail cleaning throughout the restaurant; scrubbing and washing dishes; filling condiments; cutting fruit and preparing and handling food.

107.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Class Members the full applicable minimum wage, without applying the tip credit, for time spent performing labor unrelated to their tipped occupation, would violate Ohio law and Defendants were aware of Ohio's minimum wage requirements during Plaintiff's and the Class Members' employment. As such, Defendants' conduct constitutes a willful violation of Ohio law.

108.     Plaintiff and the Class Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to two-times all such unpaid wages, together with interest, reasonable attorneys' fees, and costs.

## COUNT FIVE: EXCESSIVE REQUIRED LABOR IN DIRECT SUPPORT OF TIP-PRODUCING WORK IN VIOLATION OF OHIO LAW

109.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

110.     Courts have uniformly held that Ohio's wage and hour law should be interpreted in accordance with the FLSA. (*See Douglas v. Argo-Tech Corp.*, 113 F.3d 67 n. 2 (6th Cir.1997) (noting that Ohio's wage and hour law "parallels the FLSA" and approaching the Ohio law and the FLSA in a "unitary fashion" is appropriate). *See also Williams v. Bob Evans Rests., LLC,* Case No. 2:18-cv-01353, 2020 U.S. Dist. LEXIS 145852 *37-48 (W.D. Pa. Aug. 13, 2020) (holding that Ohio law recognizes the same tip credit restrictions as does the FLSA.).

111.    Defendants violated Ohio law by requiring Plaintiff and the Class Members in a given workweek, and during each and every workweek Plaintiff and the Class Members were employed by Defendants, to perform non-tipped labor ***related*** to or in direct support of their tip-producing work more than "part of the time" or occasionally.

112.    Plaintiff and the Class Members performed such ***related*** non-tipped labor for unreasonable amounts of time that were not contemporaneous to their direct customer service duties and in excess of twenty percent (20%) of their regular workweek.

113.    Plaintiff and the Class Members performed such ***related*** non-tipped labor for periods of time longer than thirty continuous minutes.

114.    Examples of such non-tipped labor ***related*** to their tipped occupation of servers include, but are not limited to, refilling salt and pepper shakers and ketchup bottles, rolling silverware, folding napkins, sweeping or vacuuming under tables in the dining area, and setting and bussing tables.

115.    Defendants knew that – or acted with reckless disregard as to whether – their failure to pay Plaintiff and the Class Members the full applicable minimum wage, without applying the tip credit, for time spent performing such amounts of non-tipped labor related to their tipped occupation, would violate Ohio law and Defendants were aware of Ohio's minimum wage requirements during Plaintiff's and the Class Members' employment. As such, Defendants' conduct constitutes a willful violation of the Ohio law.

116.    Plaintiff and the Class Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to two-times all such unpaid wages, together with interest, reasonable attorneys' fees, and costs.

## COUNT SIX: IMPROPER OHIO TIP CREDIT NOTICE, ILLEGAL TIP POOL AND FAILURE TO PAY MINIMUM WAGE

117.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

118.     Plaintiff and the Class Members were paid a tip credit wage at all relevant times.

119.     In 2024, Defendants violated Ohio law by failing to inform Plaintiff and the Class Members that Defendants would be paying them at least $5.25 per hour prior to taking the tip credit.

120.     In 2024, Defendants violated Ohio law by failing to inform Plaintiff and the Class Members that Defendants would be claiming a tip credit not to exceed $5.20 per hour prior to taking the tip credit.

121.     In 2024, Defendants violated Ohio law by failing to inform Plaintiff and the Class Members that they must still earn at least $10.45 per hour between the amount of the tip credit taken by Defendants and the amount of tips earned by the employee prior to taking the tip credit against Plaintiff's and the Class Members' wages.

122.     At all relevant times, Defendants violated Ohio law by failing to inform Plaintiff and the Class Members that all tips received are to be retained by the employee except for a valid tip pooling arrangement prior to taking the tip credit against Plaintiff's and the Class Members' wages.

123.     Moreover, Defendants violated Ohio law by failing to pay Plaintiff and the Class Members at least $5.25 per hour for all hours worked.

124.     For example, Defendants failed to pay Plaintiff whatsoever for at least two pay periods.

125. Moreover, Defendants violated Ohio law by requiring Plaintiff and the Class Members to participate in an illegal tip pool wherein management and or ownership retained 10% of all tips.

126. Defendants knew that – or acted with reckless disregard as to whether – their tip credit practices and failure to pay minimum wage would violate state law, and Defendants were aware of Ohio's minimum wage requirements during Plaintiff's and the Class Members' employment with Defendants. As such, Defendants' conduct constitutes a willful violation of Ohio law.

## COUNT SEVEN: OHIO PROMPT PAY ACT

128. Plaintiff and the Class Members reallege and incorporate by reference all allegations in all preceding paragraphs.

129. During all relevant times, Defendants were covered by O.R.C. § 4113.15, and Plaintiff and the Class Members were employees within the meaning of O.R.C. § 4113.15 and were not exempt from its protections.

130. O.R.C. § 4113.15(A) requires that Defendants pay Plaintiff and the Class Members all wages on or before the first day of each month, for wages earned during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned during the last half of the preceding calendar month.

131. Section 4111.10(C) specifically states that it applies to employees seeking to "join as a party plaintiff in any civil action that is brought under this section." "Because § 4111.10(C) states it applies only to 'this section,' i.e., civil actions brought under the OMFWSA, it does not apply to Ohio's Prompt Pay Act." *Oglesby v. FedEx Ground Package Systems, Inc.*, Case No. 3:20-cv-00346 at Doc. #78, pp. 11-12 (S.D. Ohio, March 23, 2023).

132.     By failing to pay Plaintiff and the Class Members all wages due to them under the FLSA and Ohio law, Defendants have also violated the Ohio Prompt Pay Act.

133.     Plaintiff's and the Class Members' unpaid wages have remained unpaid for more than thirty (30) days beyond their regularly scheduled payday.

134.     In violating Ohio law, Defendants acted willfully, without a good faith basis and with reckless disregard to Ohio law.

135.     As a result of Defendants' willful violation, Plaintiff and Class Members are entitled to unpaid wages and liquidated damages, as stated in O.R.C. § 4113.15.

**WHEREFORE**, Plaintiff, Marcy Fancher, on behalf of herself and all other similarly situated persons, respectfully request that this Court grant relief in Plaintiff's, the Collective Members' and the Class Members' favor, and against Defendants for compensation for all unpaid wages, plus liquidated damages, plus treble damages, prejudgment and post-judgment interest, reasonable attorneys' fees, costs, and disbursements of this action, and any additional relief this Court deems just and proper.

RESPECTFULLY SUBMITTED this August 2, 2024.

SIMON LAW CO.

By: /s/ *James L. Simon*
James L. Simon (OH No. 0089483)
11 ½ N. Franklin Street
Chagrin Falls, Ohio 44022
Telephone: (216) 816-8696
Email: james@simonsayspay.com

## JURY DEMAND

Plaintiff hereby demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/ *James L. Simon*